# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRANDON G.,**[1] | Case No. 3:24-cv-00005-IM |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, | |
| Defendant. | |

D. James Tree, Tree Law Offices, 3711 Englewood Avenue, Yakima, WA 98902; and Ari D. Halpern, Halpern Law Group, 62910 O.B. Riley Road, Suite 100, Bend, OR 97703. Attorneys for Plaintiff.

Kevin Danielson, Assistant U.S. Attorney, and Natalie K. Wight, U.S. Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; and Jennifer C. Forsyth, Special Assistant U.S. Attorney, Office of the General Counsel, Social Security Administration, 6401 Security Boulevard, Baltimore, MD 21235. Attorneys for Defendant.

**IMMERGUT, District Judge**

Plaintiff Brandon G. seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final

decision of the Commissioner of Social Security denying him benefits. For the reasons stated

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

below, the Commissioner's decision is REVERSED and this case is REMANDED for further

proceedings.

## PROCEDURAL BACKGROUND

On February 12, 2022, Plaintiff applied for Disability Insurance Benefits ("DIB") under

Title II of the Social Security Act, alleging disability beginning August 1, 2019. AR 81. The

Social Security Administration ("SSA") denied his application initially and upon

reconsideration. AR 75–81, 82–88. Plaintiff appeared and testified at a hearing held on July 12,

2023, before Administrative Law Judge ("ALJ") Jo Hoenniger. AR 32–74. On August 2, 2023,

the ALJ issued a decision finding that Plaintiff had not been under a disability from the alleged

onset date through the date of the decision.[2] AR 12–31. Plaintiff requested review of the

decision, and the Appeals Council denied review. AR 1–6. This appeal followed.

## THE ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ determined that Plaintiff had

not engaged in substantial gainful activity since August 1, 2019, the alleged onset date. AR 17.

At step two, the ALJ found that Plaintiff had the following severe impairments: mild-moderate

L5 degenerative disc disease and spondylosis, right shoulder degenerative disc disease, and

PTSD. AR 18. At step three, the ALJ found no impairment or combination of impairments that

met or medically equaled the severity of any impairment listed in 20 C.F.R. pt. 404, subpt. P,

app. 1. AR 19. The ALJ then assessed Plaintiff's residual functional capacity ("RFC"), finding

---

[2] Plaintiff stated at the hearing that he requested a closed period of disability ending April
1, 2022. AR 41. The ALJ determined that Plaintiff's work during the second quarter of 2022 and
the first quarter of 2023 "constituted an unsuccessful work attempt," AR 17, and that he has been
under a disability "through the date of this decision" on August 2, 2023. AR 27.

that Plaintiff can perform medium work as defined in 20 C.F.R. § 404.1567(c), with the

following additional exertional and non-exertional limitations:

> he can frequently climb ramps, stairs, ladders, ropes, and scaffolds;
> frequently stoop, kneel, crouch, and crawl; can frequently reach
> overhead with the right upper extremity; can tolerate occasional,
> brief interactions with co-workers; should not work as part of a
> team; should not be required to interact with the general public as a
> job function.

AR 21.

At step four, the ALJ found that Plaintiff was unable to perform past relevant work as an

infantry operations specialist or as a street and building decorator. AR 25. At step five, the ALJ

determined that there are jobs that exist in significant numbers in the national economy that

Plaintiff can perform, such as hand packager, floor waxer, and machine packager. AR 26. The

ALJ therefore found Plaintiff not disabled. AR 27.

## STANDARD OF REVIEW

The district court must uphold the Commissioner's decision if it is supported by

substantial evidence and based on the proper legal standards. 42 U.S.C. § 405(g); *see also*

*Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere

scintilla," and means only "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal

quotation marks omitted). When "evidence is susceptible of more than one rational

interpretation," the ALJ's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679

(9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v.*

*Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises two issues with the ALJ's decision. Plaintiff argues the ALJ erred by (1) erroneously discounting his symptom testimony, and (2) improperly assessing the medical opinion of Dr. Daniel Scharf. The Court addresses each of Plaintiff's arguments in turn.

### A. Subjective Symptom Testimony

The ALJ engages in a two-step analysis to evaluate subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotation marks omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.*

In evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (holding that the reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony").

At the hearing, Plaintiff testified that he experienced severe anxiety, AR 48; that he has difficulty sleeping because of nightmares, *id.*; that he found it difficult to be around new people or in unfamiliar circumstances, AR 54; that he has persistent intrusive thoughts despite years of mental health treatment, AR 52; that his symptoms can be triggered by a range of possible circumstances, such as being around too many people, seeing things on the side of the road, or being around friends from the military. AR 53; and that his symptoms caused him to lash out at other people, AR 39. The Vocational Expert testified that a person who was visibly off-task for 15% to 20% of the time would not be tolerated in the identified jobs, AR 69; and that repeatedly distracting or having verbal confrontations with coworkers would not be tolerated, AR 70–72.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 22. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. *Id.* The ALJ then proceeded to summarize the objective medical evidence. *Id.* at 22–25. At no point, however, did the ALJ identify what parts of Plaintiff's testimony she found to be not credible or explain how the evidence contradicted Plaintiff's testimony. *See id.* (absence).

### 1. Objective medical evidence

The ALJ is instructed to evaluate objective evidence in considering a claimant's alleged symptoms. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original); *see, e.g.*, *Connett v.*

*Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony was inconsistent with the medical record).

In addressing Plaintiff's testimony about his mental health symptoms, the ALJ stated that his "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record," AR 22, but did not identify what aspect of Plaintiff's testimony about the severity and extent of his mental health condition she discounted, nor did she provide substantial evidence to support her decision to do so. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony, but an absence of corroborating medical evidence is not enough, on its own, to reject a claimant's symptom testimony. *Smartt*, 53 F.4th at 498; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). At the hearing, Plaintiff testified that (1) he had frequent intrusive thoughts, (2) he found it difficult to be around new people and things he was unfamiliar with, and (3) he had been fired from jobs after lashing out at his coworkers. AR 39, 52, 54. The ALJ acknowledged Plaintiff's "reactivity regarding past trauma," his anxiety, and his "abnormal mood, speech, and affect." AR 24. But the ALJ also concluded that additional limitations were not justified because of Plaintiff's "often normal mood and affect, behavior, judgment and cooperation," with extensive citations to the medical evidence. *Id.* As the Ninth Circuit has held, "provid[ing] a relatively detailed overview of [a claimant's] medical history" is not the same as "providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020).

Lack of corroborating medical evidence is not by itself a clear and convincing reason to reject a claimant's symptom testimony when the claimant, as Plaintiff did in this case, provides

objective medical evidence of the underlying impairment. *Bunnell v. Sullivan*, 947 F.2d 341, 347–48 (9th Cir. 1991); *see also Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989) (holding that the claimant need only show that the impairment could reasonably have caused some degree of the symptoms alleged). Plaintiff presented objective medical evidence of his PTSD, and thus created a reasonable inference to support his symptom allegations, including (1) frequent intrusive thoughts, (2) difficulty in unfamiliar circumstances, and (3) problems controlling his anger and lashing out at others. *See Fair*, 885 F.2d at 601. The ALJ appears to have considered and credited some of Plaintiff's testimony in formulating the RFC, *see* AR 21 (noting Plaintiff "should not work as part of a team" and "should not be required to interact with the general public"), but it is not clear the extent to which she considered and either incorporated or rejected all of the symptoms to which Plaintiff testified.

Beyond an absence of corroborating medical evidence, the ALJ does not point to any other reason to discount Plaintiff's testimony.[3] The ALJ did not compare Plaintiff's allegations to his medical history or cite to medical evidence that clashed with Plaintiff's allegations. If anything, the fact that Plaintiff's affect and behavior are "often normal" is consistent with Plaintiff's testimony that he attempts to maintain his composure, but sometimes lashes out at others or has difficulty in unfamiliar circumstances. *See* AR 48; *see also Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) (holding that it is error to reject a claimant's testimony "merely because symptoms wax and wane in the course of treatment"). On this record, then, it is not clear

---

[3] In his brief, the Commissioner also points to Plaintiff's conservative treatment history and his daily activities as reasons to discount his testimony. Defendant's Brief, ECF 11 at 8–10. But the ALJ's decision does not refer to Plaintiff's course of treatment as conservative or otherwise inconsistent with his testimony, and does not seek to explain how his daily activities might be inconsistent with his symptom testimony. This Court "may not affirm the ALJ on grounds upon which [s]he did not rely." *Garrison v. Colvin*, 759 F.3d 955, 1010 (9th Cir. 2014).

which facets of Plaintiff's symptom testimony the ALJ determined were not entirely consistent

with the record, and which specific testimony was considered or not considered in formulating

the RFC. In the absence of such explanation, the ALJ's reasons for concluding that some aspects

of Plaintiff's testimony were not consistent with the record cannot be clear and convincing, and it

was error for the ALJ to discount Plaintiff's testimony about his PTSD-related symptoms on this

basis.

  Accordingly, because the ALJ failed to provide clear and convincing reasons to discount

some of Plaintiff's symptom testimony, this Court must remand because it "cannot . . . speculate

as to the grounds for the ALJ's conclusions" where "the ALJ never identified *which* testimony

she found not credible, and never explained *which* evidence contradicted that testimony." *Brown-

Hunter*, 806 F.3d at 494–95. On remand, the ALJ should consider Plaintiff's symptom testimony

about (1) frequent intrusive thoughts, (2) difficulty in unfamiliar circumstances, and (3) problems

controlling his anger and lashing out at others, explain whether she found these aspects of the

testimony to be inconsistent with specific medical evidence or other evidence in the record and,

if they are not inconsistent, incorporate these allegations into the RFC.

## B. Medical Opinion Evidence

  Plaintiff also argues that the ALJ erred by failing to adequately weigh the testimony of

Dr. Daniel Scharf. This Court concludes that the ALJ reasonably discounted Dr. Scharf's

opinion.

### 1. Legal standard

  For disability claims filed on or after March 27, 2017, the ALJ no longer "weighs"

medical opinions but instead determines which are most "persuasive." 20 C.F.R. § 404.1520c(a).

The 2017 regulations eliminated the hierarchy of medical opinions and state that the agency does

not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also*

PAGE 8 – OPINION AND ORDER

*Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the 2017 regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2)-(3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(c)(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. See 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence.").

### 2. Dr. Scharf's opinion

Dr. Scharf, a psychologist employed by the Department of Veterans Affairs ("VA"), examined Plaintiff at the Hillsboro VA clinic in September 2016. AR 832–36. Dr. Scharf's

report concluded that Plaintiff is "unable to engage in appropriate social interaction due to poor anger contr[o]l related to PTSD." AR 836. Dr. Scharf also concluded that Plaintiff "would have difficulty understanding and remembering instructions and difficulty sustaining attention needed for task completion due to concentration problems." *Id.* In sum, Dr. Scharf opined that Plaintiff "would have significant difficulty establishing and maintaining gainful employment due to his service[-]connected PTSD and related depression." *Id.*

The ALJ gave little weight to Dr. Scharf's opinion. AR 25. The ALJ found this opinion unsupported by Dr. Scharf's "objectively normal" exam and stated that it "overestimates the claimant's limitations in a manner inconsistent with the record during the relevant period." *Id.* The ALJ also noted that the opinion predates the relevant period and addresses an issue reserved to the Commissioner. *Id.*

The ALJ sufficiently considered both the supportability and consistency of Dr. Scharf's opinion. The supportability factor looks to relevant objective medical evidence, *see* 20 C.F.R. § 404.1502, and the supporting explanations a medical source provides for their opinion. 20 C.F.R. § 404.1520c(c)(1); *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). The consistency factor requires an ALJ to evaluate an opinion's persuasiveness relative to its consistency with evidence from other relevant sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *Woods*, 32 F.4th at 792.

The ALJ noted that Dr. Scharf's opinion was not supported by his clinical observations. AR 25. For example, although he opined that Plaintiff is "unable to engage in appropriate social interaction due to poor anger control," Dr. Scharf's behavioral observations also described Plaintiff's affect as "within normal limits" and stated his "attention and memory were grossly intact." AR 836. Dr. Scharf observed that Plaintiff was "well groomed" and he "spoke freely

during the exam." *Id.* Nothing in Dr. Scharf's observations indicate that Plaintiff would have difficulty with understanding and remembering instructions; his notes state Plaintiff's "[a]ttention and memory were intact." *Id.* As for consistency, the ALJ identified that other records generally showed that Plaintiff demonstrated normal mood and affect, thought logically and linearly, and had good judgment and insight. AR 25 (citing AR 579, 1146, 1309–10).

Finally, the ALJ correctly noted that Dr. Scharf's evaluation predates the relevant period. While an ALJ is required to consider all medical opinions in the record, including those that predate the alleged onset date, *see Williams v. Astrue*, 493 F. App'x 866, 868 (9th Cir. 2012), medical opinions that "predate the alleged onset of disability are of limited relevance," *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008).

Plaintiff argues that Dr. Scharf's findings were adequately supported and consistent with the record. Plaintiff's Brief, ECF 9 at 9–10. But in reviewing the ALJ's opinion, this Court "may not reweigh the evidence or substitute our judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). Even when Plaintiff's explanation and the ALJ's explanation are reasonable, the Commissioner's conclusion "must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Because the ALJ reasonably considered the supportability and consistency of Dr. Scharf's opinion about Plaintiff's limitations, and the ALJ's conclusion was supported by substantial evidence, this Court will not disturb the ALJ's finding.

## C.  Remand

When a court determines the Commissioner erred in denying benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or the immediate payment of benefits, the Ninth Circuit employs a "credit-as-true" standard when the

following requirements are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. If all three requisites are met, the court may remand for benefits. *Id.* However, even if all the requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id.* at 1021

Here, the first requirement is met because the ALJ erroneously rejected Plaintiff's testimony about his PTSD symptoms. The ALJ's assessment of Plaintiff's RFC did appear to credit Plaintiff's testimony that he found it difficult to be around too many people and to some extent his difficulty managing his anger, AR 53–54, noting that he could "tolerate occasional, brief interactions with co-workers," "should not work as part of a team," and "should not be required to interact with the general public." AR 21. But the RFC does not contain language reflecting other facets of Plaintiff's symptom testimony, such as his frequent intrusive thoughts or his difficulty in unfamiliar circumstances. *See* AR 39, 48, 52. Further proceedings are needed for the ALJ to properly consider this testimony and whether they justify additional limitations in the RFC, including whether these limitations would, if credited, lead Plaintiff to be off-task while at work. On remand, the ALJ should consider whether the record conflicts with Plaintiff's symptom testimony and, if it does not, incorporate those limitations into the RFC and solicit further VE testimony if necessary. The ALJ must also clarify what specific portions of Plaintiff's symptom testimony she is discounting and which specific medical evidence contradicts that testimony, so that this Court may meaningfully determine whether the ALJ's decision to discount that testimony is supported by substantial evidence.

## CONCLUSION

For the reasons given above, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

**IT IS SO ORDERED**.

DATED this 17th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge