**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **BRANDON GEORGE GOGGIL**, | Case No. 3:24-cv-00005-IM |
| Plaintiff, | **ORDER GRANTING ATTORNEY FEES** |
| v. | |
| **COMMISSIONER**, Social Security Administration, | |
| Defendant. | |

Before this Court is Plaintiff's attorney's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), ECF 19. Defendant Commissioner "neither supports nor opposes counsel's request for attorney's fees." Response to Motion, ECF 22 at 2. For an attorney fees award under Section 406(b), the Social Security Administration ("SSA") "has no direct interest in how much of the award goes to counsel and how much to the disabled person" because "the fee is paid by the claimant out of the past-due benefits awarded," not by the SSA. *Crawford v. Astrue*, 586 F.3d 1142, 1147, 1149 (9th Cir. 2009) (en banc). Therefore, "the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Id.* at 1149. Because Plaintiff's

PAGE 1 – ORDER GRANTING ATTORNEY FEES

attorney has demonstrated that its request for fees under Section 406(b) in the total amount of $18,362 is reasonable, this Court GRANTS the Motion.

A district court that finds in favor of a Social Security disability insurance claimant may award the claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b); *see Crawford*, 586 F.3d at 1147. Under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 at 808). "The attorney bears the burden of establishing that the fee . . . is reasonable." *Id.* at 1148.

This Court finds that Plaintiff's attorney has met his burden to demonstrate that the requested $18,362 in fees for representing claimant in this case is reasonable. As an initial matter, "[t]he federal court fee agreement between plaintiff and counsel sets a fee at 25% of Motion, ECF 19 at 4; *see* Written Fee Agreement, ECF 19-2 at 1 ("If Attorney prevails before the Federal Court, and if Client is subsequently awarded benefits by the Court or by SSA after remand by the Court, Client agrees to pay Attorney a fee for Federal Court work equal to 25% of the past-due benefits awarded to Client and Client's beneficiaries."). Plaintiff was awarded past-due Social Security disability benefits of $82,648 for January 2020 through February 2026, and 25% of this amount is $20,662. Notice of Award, ECF 19-1 at 5. Therefore, Plaintiff's counsel is entitled to up to $20,662 under the fee agreement and Section 406(b).

Next, "[t]he fees requested here are reasonable under the test mandated by *Gisbrecht*." *Crawford*, 586 F.3d at 1151. "First, no reduction in fees due to substandard performance was warranted." *Id.* Plaintiff's attorney "provided high-quality representation which resulted in [his]

PAGE 2 – ORDER GRANTING ATTORNEY FEES

client[] receiving substantial past-due benefits." *Id.*; *see* Opinion and Order, ECF 13 (reversing and remanding to the SSA). "Second, no reduction in fees for dilatory conduct was warranted." *Id.* The only question is whether the requested fees are "excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151. Here, Plaintiff's counsel "expended 28.2 hours of attorney time" on this case, resulting in an hourly billing rate of approximately $650. Motion, ECF 19 at 4. In addition, Plaintiff's attorney "assumed significant risk in accepting these cases, including the risk that no benefits would be awarded." *Crawford*, 586 F.3d at 1152. Therefore, this Court finds that the requested fee award is not "excessively large" under *Crawford*.

For the above reasons, this Court GRANTS Plaintiff's attorney's Motion for Attorney Fees Under 42 U.S.C. § 406(b), ECF 19. This Court previously awarded Plaintiff's counsel $6,900 under the Equal Access to Justice Act. ECF 18. Thus, as Plaintiff's counsel recognizes, $6,900 should be deducted from Plaintiff's counsel request for $18,362 of attorney fees under Section 406(b). *Crawford*, 586 F.3d at 1144 n.3 ("A district court may award fees under both the EAJA and 42 U.S.C. § 406(b), 'but the claimant's attorney must refund to the claimant the amount of the smaller fee.'" (quoting *Gisbrecht*, 535 U.S. at 796)); *see* Motion, ECF 19 at 6. Therefore, this Court AWARDS Plaintiff's attorney $11,462 of fees under Section 406(b).

**IT IS SO ORDERED.**

DATED this 10th day of July, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 3 – ORDER GRANTING ATTORNEY FEES