**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **BRANDON GEORGE GOGGIL**,<br><br>Plaintiff,<br><br>v.<br><br>**COMMISSIONER**, Social Security Administration,<br><br>Defendant. | Case No. 3:24-cv-00005-IM<br><br>**ORDER GRANTING SUPPLEMENTAL MOTION FOR ATTORNEY FEES** |

**IMMERGUT, District Judge.**

Before this Court is Plaintiff Brandon Goggil's attorney's Supplemental Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) Auxiliary Fees, ECF 24 (Motion). For the foregoing reasons, the supplemental motion is GRANTED. Counsel is awarded additional fees in the amount of $4,448, and Plaintiff is due an offset of $0.

**BACKGROUND**

This Court reversed a Final Decision of the Social Security Administration (SSA) Commissioner denying Plaintiff provision of disability benefits and remanded for further

proceedings. ECF 13. On remand, Plaintiff was awarded backpay by the SSA. Pursuant to its authority under the Equal Access to Justice Act (EAJA), this Court awarded to Plaintiff's counsel a fee of $6,900. ECF 18. Upon further motion of counsel, this Court awarded attorney's fees pursuant to 42 U.S.C. § 406(b), finding reasonable counsel's requested award of $18,362. ECF 23. Recognizing that when a district court awards fees pursuant to both the EAJA and Section 406(b) the claimant's attorney must refund to the claimant the amount of the smaller fee, this Court ordered that Plaintiff's counsel pay Plaintiff an EAJA "offset" of $6,900. ECF 23 at 3; *see Crawford v. Astrue*, 586 F.3d 1142, 1143 n.3 (9th Cir. 2009) (en banc) (citation modified).

After the Court granted Section 406(b) attorney fees based on Plaintiff's backpay, the SSA calculated and processed an additional award of auxiliary benefits owed to Plaintiff on behalf of Plaintiff's child. Motion, ECF 24 at 2. Plaintiff's counsel then filed the instant motion. Counsel provided Plaintiff a copy and notified Plaintiff of his right to object to the fee. *Id.* at 4. Plaintiff has not objected. The SSA does not oppose the motion and has withheld the requested fee from its payment of auxiliary backpay. *Id.*

## STANDARDS

For an attorney fee award under Section 406(b), SSA "has no direct interest in how much of the award goes to counsel and how much to the disabled person" because "the fee is paid by the claimant out of the past-due benefits awarded," not by the SSA. *Crawford*, 586 F.3d at 1147, 1149. Therefore, "the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Id.* at 1149. Under *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*,

586 F.3d at 1151 (citing *Gisbrecht*, 535 at 808). "The attorney bears the burden of establishing that the fee . . . is reasonable." *Id.* at 1148.

**DISCUSSION**

This Court finds that Plaintiff's counsel has met the burden of demonstrating that the requested supplemental fee is reasonable. The parties' federal court fee agreement sets a fee of 25% of past-due benefits paid by SSA on behalf of Plaintiff's auxiliaries. Motion, ECF 24 at 4; Motion, ECF 24-2 at 1 ("If Attorney prevails before the Federal Court, and if Client is subsequently awarded benefits by the Court or by SSA after remand by the Court, Client agrees to pay Attorney a fee for the Federal Court work equal to 25% of the past-due benefits awarded to Client *and Client's beneficiaries*.") (emphasis added). Counsel requests $4,448, which is equivalent to 25% of the SSA's auxiliary award of past-due benefits of $17,792. *See* Notice of Award, ECF 24-1 at 1, 5. Therefore, counsel's request for a supplemental attorney fee falls within the scope of Section 406(b) and the fee agreement.

Determining next whether the award should be adjusted downward under the test outlined in *Giesbrecht*, this Court is satisfied that Plaintiff's counsel provided sufficient representation, counsel's representation did not delay the case, and that the award does not represent a windfall. As this Court previously found in its first order granting Section 406(b) fees, Plaintiff's attorney provided high-quality representation resulting in a favorable outcome and no dilatory conduct warranted reduction of fees. ECF 23 at 2-3. This Court finds that an increased award, capped at 25% of the auxiliary backpay recovered by counsel, does not render the requested fees, as a whole, "excessively large in relation to the benefits achieved." *Crawford*, 586 F.3d at 1151. Counsel expended 28.2 hours of time on this case and assumed significant risk because of the nature of the parties' contingency agreement. Additionally, this Court notes that while counsel may ordinarily

request additional fees for administrative work pursuant to Section 406(a), which is not the subject of an offset under the EAJA, the parties' written fee agreement voluntarily limited counsel's recover of attorney's fees to 25% for both the administrative and federal court work. Concluding that the requested fee award is not "excessively large" under *Crawford* and considering the above factors together, this Court determines that the supplemental fee requested is reasonable.

**CONCLUSION**

For the reasons above, this Court GRANTS Plaintiff's attorney's Supplemental Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) Auxiliary Fees, ECF 24. Given that counsel could have sought this award at the time of filing the Motion for Attorney's Fees Pursuant to 406(b), ECF 19, had SSA by then prepared the Notice of Award for Plaintiff's auxiliary beneficiary, this Court concludes that the ultimate award has already been offset under the EAJA pursuant to this Court's previous order, ECF 23. Thus, Plaintiff is owed an EAJA offset of $0. Additional Section 406(b) attorney fees shall be awarded to Plaintiff's counsel in the amount of $4,448, which represents the full award requested.

**IT IS SO ORDERED.**

DATED this 12th day of November, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge